## CIRCUIT COURT OF CULPEPER COUNTY

Carol A. Amato,
Commissioner

v.

Shirley Contracting Corp.

February 19, 1993

Case No. 92-C-211

By Judge Lloyd C. Sullenberger

Pursuant to Virginia Code § 40.1–49.4(E), as amended effective July 1, 1992, Carol A. Amato, Commissioner of Labor and Industry, filed a bill of complaint against Shirley Contracting Corporation seeking to enforce proposed penalties for alleged violations by Shirley of the Virginia Occupational Safety and Health (VOSH) Standards, Virginia Code Title 40.1, Chap. 3, Art. 5. Shirley has filed a demurrer and a plea in bar.

The demurrer avers that the Commissioner failed to allege necessary steps in the enforcement procedure which the plea in bar avers she failed to take. The court will address the plea in bar because if the case must be dismissed, the demurrer is obviously moot.

From the bill of complaint and the plea in bar, facts necessary to understand the posture of the case may be gleaned. Shirley has filed a supporting and a rebuttal memorandum, and the Commissioner has replied to the supporting memorandum, all of which the court has considered.

Following a workplace inspection by the Commissioner's agent on May 28, 1991, the Commissioner issued citations against Shirley on September 10, 1991.

Shirley notified the Commissioner on September 20, 1991, of its intention to contest the citations. On September 25, 1992, the Com-

missioner, through the office of the Commonwealth's Attorney for Culpeper County, filed the bill of complaint in this court.

Shirley's procedural complaint is that a year elapsed from the date it notified the Commissioner of its contest of the citations to the date on which the bill of complaint was filed.

Shirley points out that until July 1, 1992, when a statutory amendment became effective, Code § 40.1–49.4(E) required that the Commissioner, upon receipt of the notice of contest, "shall immediately notify the attorney for the Commonwealth for the jurisdiction wherein the violation is alleged to have occurred, and upon issuance and service of a proper summons, the general district court shall promptly set the matter for hearing."

Under the pre-July 1, 1992, statute, the decision of the general district court was appealable of right for a *de novo* trial in circuit court as a preferred docket matter. § 40.1–49.5.

Now Code § 40.1–49.4(E) requires that the Commissioner, upon receipt of notice of contest, "shall immediately notify the attorney for the Commonwealth for the jurisdiction wherein the violation is alleged to have occurred and shall file with the circuit court a bill of complaint." The current statute requires the circuit court to promptly set the matter for hearing.

Shirley argues that the statutes, prior and current, contemplate prompt litigation of claims of safety violations. The statutes provide that the citation must issue within six months of the alleged violations; that the employer must contest by notice sent within 15 days after receipt of the citation; and then the Commissioner must proceed according to the requirements outlined above.

Shirley says the suit must be dismissed. It avers that its ability to prepare and defend has been compromised by the delay in that several employees from the time of the alleged violations no longer work for it, and the whereabouts of at least one of those employees is unknown to it.

The Commissioner says that dismissal should not be granted. In essence, the Commissioner suggests she can proceed when she wishes to file the suit because there was not and is not a specific statutory period within which to bring the suit. The word "immediately" as used in the statute, according to the Commissioner, refers only to when the Commonwealth's Attorney has to be notified by the Commissioner.

In the Commissioner's brief, she states that the Commonwealth's Attorney was not notified until September, 1992; that her office and Shirley negotiated the matter—ultimately unsuccessfully—from September, 1991, until February 1, 1992; that because the 1992 General Assembly amended the statute to grant original jurisdiction to the circuit court beginning July 1, 1992, the Commissioner wanted to wait until the new law was in effect. She suggests that had she proceeded in general district court before July 1, 1992, on that date that court would have been divested of jurisdiction. This court does not address that issue.

The Commissioner makes a detailed argument based on sentence structure that "immediately" in § 40.1–49.4(E) modified only when she shall notify the Commonwealth's Attorney and not when the suit shall be filed.

The entire statutory scheme, before and after amendment, indicates the intent of the General Assembly that prompt resolution be had of contested claims of safety violations. Clearly, the Commissioner does not have unfettered discretion as to when to sue. The court has reviewed administrative decisions under the federal Occupational Safety and Health Act (OSHA) which the VOSH Standards parallel.

A failure by the Commissioner to comply with procedural requirements, without more, does not constitute adequate grounds for dismissing the suit. *Noranda Aluminum, Inc.,* 1981 OSHD 25,086 (No. 79–1059, 1980). Dismissal would only be appropriate when procedural noncompliance causes prejudice to the opposing party. *See, Choice Electric Corp.,* 14 OSHC 1899 (No. 88–139, 1990); *Pennsylvania Electric Co.,* 11 OSHC 1235 (No. 80–5211, 1983); *TRC Drilling Corp.,* 1982 OSHC 32,319 (No. 80–6008, 1981).

The issue is prejudice to Shirley. Loss of relevant testimony could deny Shirley the opportunity to prepare and present its defenses.

Since it would be wasteful to the litigants and to the court to allow the matter to go to full trial with Shirley being permitted to establish that it has been prejudiced by the Commissioner's delay, the court will conduct a hearing on the limited issue of the prejudicial effect of the delay on Shirley's ability to prepare and present its case.

The Commissioner having caused the inordinate delay, Shirley shall have the burden of going forward with evidence that it is prejudiced thereby.

If Shirley presents credible evidence of prejudice, the Commissioner shall have the burden of persuasion that the suit should not be dismissed.

Counsel for Shirley shall prepare an order reflecting this ruling and ordering a hearing on the issue of prejudice due to delay.